UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ELHADJ DIOUF** | **CIVIL ACTION NO. 2:11-cv-1246** |
| Reg. No. 43796-265 | |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **ERIC H. HOLDER, JR., ET AL** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Elhadj Diouf, pursuant to 28 U.S.C. § 2241. When he filed his petition, Elhadj Diouf was in the custody of the Department of Homeland Security/Immigration Customs Enforcement (DHS/ICE). He was detained at the Oakdale Detention Center, Oakdale, Louisiana. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

Petitioner filed this petition on June 28, 2011, seeking to have this court order his release from custody. Petitioner claimed that there was no significant likelihood of removal in the reasonably foreseeable future.

The undersigned issued a Memorandum Order on August 18, 2011 (doc. 4) directing petitioner to submit his petition on an approved form and to either remit a $5.00 filing fee or submit an application to proceed *in forma pauperis*. Petitioner was given thirty (30) days to comply with the order and he was warned that "[f]ailure to amend the pleadings as indicated above will result in the pleadings in the instant complaint being stricken from the record." *Id.* A copy of the Memorandum Order was mailed to petitioner at the address provided by petitioner.

The mail was returned marked "return to sender." (Doc. 5). Information on the Federal Bureau of Prison's website establishes that the petitioner was released from detention custody on August 10, 2011. In light of this information, the court finds that his challenge to his detention is now moot and should be dismissed.

Accordingly,

IT IS RECOMMENDED that the petition be DENIED and DISMISSED as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 26th day of October, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE